## Whitlow v. Mengel Co. et al.

March 14, 1950.

B. H. Farnsley, Judge.

Karem & Karem for appellant.

Chas. G. Middleton, Jr. for appellees.

CHIEF JUSTICE SIMS—Affirming.

This appeal is prosecuted from a judgment of the Jefferson Circuit Court which dismissed the petition of Mrs. Norma Whitlow, hereinafter referred to as plaintiff, wherein she sought a review of an award made in her favor for $21 by the Workmen's Compensation Board, hereinafter referred to as the Board, covering one week of total disability. It is practically admitted that plaintiff is permanently and totally disabled, but the Mengel Company, hereinafter referred to as defendant, insists that her disability is the result of a pre-existing disease while plaintiff insists it is the result of a traumatic injury received in the course of her employment, and that she should be compensated at the rate of $21 per week for a period of ten years, KRS 342.095.

Plaintiff while working as a helper on a ripsaw in defendant's plant was struck by a piece of wood she described as "sixteen inches long, three-quarters of an inch wide, eight quarter material," which was thrown from the saw and struck her between the eyes. The blow staggered and addled her and she testified that when she "came to" she was in the first aid room with an ice pack on her head. She received the lick on the bridge of her nose but her nose was not broken, nor were her glasses, and the lick made only a slight abrasion where it struck her and left no scar.

The accident happened about 3:45 P. M., on Nov.

13, 1946, and some friends drove plaintiff home. The next morning when she reported for work she was sent to the Company's physician, Dr. C. H. Wheeler, who she said saw her several times. We do not find Dr. Wheeler's testimony in the record. Mrs. Whitlow returned to defendant's plant on Nov. 26, 1946, and resumed work on a different machine, as she was afraid of the saw which caused her injury. She testified that as a result of her accident she suffered intermittently from sick headaches, an aching in her neck and that her eyes hurt. Her condition grew steadily worse until she was forced to give up her employment on May 7, 1947.

Her personal physician, Dr. M. R. Cronen, testified he did not know what caused her attacks of sick headaches but that she gave him a history of them occurring regularly and frequently after the accident. It was his opinion that the lick caused her sick headaches, or sometimes referred to in the record as nervous tension headaches. He described her condition as being similar to shellshock.

Dr. George F. Dwyer, on behalf of defendant, examined Mrs. Whitlow on Nov. 14, 1946, the day following the accident. An X-ray taken of her nose showed it was not broken and he testified there was just a slight abrasion on her nose and he regarded as trivial the lick she received. But he thought plaintiff was seriously ill and made a pelvic examination of her. He discovered the uterus was enlarged and wedged down against the sacrum. Her cervix was much eroded and bled freely on a slight touch with the applicator. Her sedimentation rate was 30 which indicated to Dr. Dwyer she had an inflammation and that something was seriously wrong with her. He testified: "In my opinion, she is seriously ill, and I believe the whole thing is in her pelvis, and I would not be surprised if it was a cancer." He testified positively that the sick headaches and nervous tension headaches plaintiff suffered were not the result of the lick she received.

As we gather from the incomplete and very confusing record before us, Dr. Cronen did not check plaintiff's pelvis on his first examination of her. Later he did so and found on the left side of the body of the uterus a tumor about the size of a large walnut. Dr. Cronen was of the opinion that this tumor was of the

fibroid type and had nothing to do with plaintiff's attacks.

J. B. Maupin, defendant's foreman, J. G. Armstrong, the general foreman of the plant, and Miss Jean F. Buffington, the nurse in charge of the first aid room, all testified that before the accident plaintiff complained of sick headaches two or three times a week and often had to be excused from her work and allowed to go home on account of them. She had so many attacks that Miss Buffington advised her to see a doctor. Plaintiff asked to be excused and allowed to go home so often that the general foreman told the foreman under whom she worked not to excuse her any more without consulting him. On the other hand, plaintiff testified that her severe attacks did not start until after the accident and she was corroborated by the testimony of her daughter.

It will be noted there is a direct conflict in the medical testimony as to whether the accident was the cause of plaintiff's condition or whether it was caused by a pre-existing disease of the pelvis. Also, there is a conflict in the testimony as to whether she suffered the violent attacks of sick headaches before the accident as well as following it.

In the absence of fraud or mistake a finding of fact by the Board is conclusive and will not be disturbed by the courts, if supported by any competent evidence of probative value. Indeed, KRS 342.285, makes such a finding conclusive. As the cases are so numerous on the subject, instead of citing any of them we refer the reader to Key 1939, under the heading of Workmen's Compensation in 19 Kentucky Digest. Here, there was ample evidence to support the finding of the Board that Mrs. Whitlow's unfortunate condition was not the result of the accident she suffered but was caused by a pre-existing disease of the pelvis.

For the reasons given the judgment is affirmed.